**FILED**
**Oct 17, 2019**
**09:31 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **LILLIAN HOWARD,** | ) | **Docket No. 2018-05-0841** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **NHC HEALTHCARE/PULASKI, LLC,** | ) | **State File No. 60684-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **PREMIER GROUP INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This case came before the Court on NHC's Motion for Summary Judgment. The issue is whether NHC is entitled to summary judgment on grounds that Ms. Howard's injury did not arise primarily out and in the course and scope of her employment, an essential element of her claim. For the reasons below, the Court grants NHC's motion.

### Procedural History

Ms. Howard alleged she suffered a work-related injury to her back on February 2, 2018. NCH denied the claim, and Ms. Howard filed a Petition for Benefit Determination seeking medical benefits.

Following an expedited hearing, the Court found that Ms. Howard was not likely to establish a work-related incident at a hearing on the merits. It further found that she presented no medical proof of causation and was thus unlikely to establish that her current back problems arose primarily out of her employment. After a subsequent scheduling hearing, the Court issued a Scheduling Order setting deadlines for discovery, expert witness disclosure, and medical depositions.

1

NHC filed this Motion for Summary Judgment on September 4, 2019. Ms. Howard filed no response and failed to appear for the hearing on October 15.

## Facts

NHC filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Because Ms. Howard failed to file a response to the statement, the Court deems them admitted and summarizes them as follows:

1. Ms. Howard has not responded to NHC's discovery responses.
2. Ms. Howard has not disclosed the identity or report of any medical or expert witness she intends to introduce at the Compensation Hearing.
3. The deadline to disclose the identity or report of any medical or expert witness has expired.

Based on these facts, NHC argued the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Howard's claim – that her injury was primarily caused by her work – *and* that the facts are insufficient for Ms. Howard to prove this element.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

As the moving party, NHC must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the Ms. Howard's claim, or (2) demonstrate that Ms. Howard's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If NHC is successful in meeting this burden, Ms. Howard must then establish that the record contains specific facts upon which the Court could rule in her favor. *Rye*, at 265.

The essential element at issue in this case is that Ms. Howard must demonstrate that she suffered "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." This means she must prove, "to a reasonable degree of medical certainty that [her work] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, "in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14).

The undisputed facts are that Ms. Howard has disclosed no medical opinion addressing the cause of her back problems. Further, she filed no response to the Statement of Undisputed Facts, provided no additional evidence, and made no citations to the record to refute the facts put forward by NHC. Ms. Howard's evidence is therefore insufficient to establish an essential element of her claim, and the Court must hold that NHC is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. NHC's Motion for Summary Judgment is granted, and Ms. Howard's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to NHC under Tennessee Compilation Rules and Regulations 0800-02-21-.06 payable to the Clerk within five days of this order becoming final.

4. NHC shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED October 17, 2019.**


_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

3

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent to the following recipients by these methods of service on October 17, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Lillian Howard, Employee | | | X | Lilhoward9894@gmail.com |
| Frank Gallina, Employer's Attorney | | | X | fgallina@plcslaw.com |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**